**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-257 (RDM)-1** |
| | ) | |
| **RONNIE BRIAN PRESLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**RONNIE PRESLEY'S MEMORANDUM IN AID OF SENTENCING**

On January 6, 2021, Ronnie Presley unlawfully entered the US Capitol through the Upper West Terrace doorway at approximately 2:35 p.m. At approximately 3:00 p.m., law enforcement officers entered the Rotunda area where he was and began to clear the room. Mr. Presley along with many others, disregarded verbal commands from the officers to leave the Rotunda. He has acknowledged that he engaged in a physical confrontation with an officer by leaning into the officer's baton as the officer attempted to push him towards the exit. Several minutes later, Mr. Presley exited the US Capitol but remained directly outside the doorway. When an officer attempted to clear that area by pushing against individuals with a riot shield, at approximately 3:45, Mr. Presley grabbed the shield with his hand. Mr. Presley did not physically assault the officers, but he did interfere with their ability to restrain the rioters.

Mr. Presley was arrested on March 5, 2021, and was held without bond for seventeen months. He never had a detention hearing as he did not contest his detention. At the time that he

entered his guilty plea in this case on July 28, 2022, he had already over-served his properly calculated guideline range. The plea agreement that Mr. Presley signed incorrectly calculated his criminal history, as was pointed out by counsel for the defendant at the time of the plea. The government initially maintained that its calculation was correct, but later conceded it was incorrect, and withdrew its request that he be held pending sentencing. Mr. Presley was then released on August 4, 2022, and has been in full compliance with those conditions since his arrest. He has also maintained employment since his release.

Mr. Presley is 44 years old and has some criminal history, albeit not extensive. That criminal history is reflected in his guideline calculation. Mr. Presley's experiences with law enforcement have led him to not trust the system, including attorneys who have represented him. However, when undersigned counsel entered her appearance on his behalf and was able to consult regularly with Mr. Presley, he immediately indicated a desire to plead guilty and to accept responsibility for his actions as long as the statement of offense accurately reflected his actions. Counsel reviewed the video with Mr. Presley and modified the statement of offense to accurately reflect his actions, at which time he quickly entered his guilty plea. He has fully accepted responsibility for his actions and is genuinely remorseful for having violated the law.

During his detention in this case, Mr. Presley's wife divorced him. He and his ex-wife have three children together, ages eight, ten and eleven. Mr. Presley also has a 17-year-old son from a prior relationship. All of the children reside with his ex-wife. Mr. Presley was diagnosed with anxiety over 20 years ago and, prior to his incarceration, was prescribed medication for the condition. He has a history of drug usage, but has remained sober since his release in this case. He is currently employed as a construction laborer.

The parties and probation are in agreement that his sentencing guideline range is 10 to 16 months. The parties are also in agreement that he should serve no additional time, having served a full 17 months in pretrial custody. Mr. Presley requests that the Court sentence him to a period not to exceed 10 months, with credit for time served. This sentence will accurately reflect a sentence that would have been appropriate under the guidelines.

As the government's sentencing memorandum notes, eleven individuals have been sentenced having pleaded guilty to one count of violating 18 U.S.C. 231. Only one of those individuals received a sentence over the guideline range and his sentence was only 9 months. None of the other individuals received a sentence at the high end of their guideline range.  Two were below the guideline range and the rest were at or around the middle of the guideline range. While it makes no practical difference to Mr. Presley as he has already over-served his sentence[1], it is important for purpose of determining disparity in future sentencings to accurately reflect how the Court would have sentenced Mr. Presley had he not over-served his sentence. We submit that a sentence of no more than 10 months would have been reasonable, and ask that the Court sentence him accordingly.

The government points to 4 cases arguing they are "most comparable" to Mr. Presley's case. In each of those cases, the defendants were sentences to well under the sentence Mr. Presley has served (the equivalent of an almost 20 month sentence).  The average sentence in those 4 cases was under 9 months. And, while the government suggests that the facts of Mr. Presley's case justify a higher sentence, it points to no compelling reason to treat Mr. Presley's case differently.

---

[1] Even had Mr. Presley been sentenced to 16 months, he would have served less than 14 months with good time credit. His 17 months of incarceration was the equivalent of a sentence of nearly 20 months.

Indeed, in the David Blair case, *U.S. v. David Blair*, Crim. No. 21-186 (CRC), Mr. Blair's guidelines (18 to 24 months) were markedly higher than Mr. Presley's because they involved the use of a dangerous weapon in an assault on a police officer. He was armed with a knife and a confederate flag attached to a lacrosse stick, the latter of which he used in resisting his arrest by physically striking the officer.  (See Exh. A, Blair Criminal Complaint and Exh. B Blair Statement of Offense). While he admittedly had no criminal history, that does not justify a *higher* sentence for Mr. Presley who was not in possession of any weapons and did not use any weapons in resisting officers and who struck no officers. Mr. Blair was sentenced to 5 months of incarceration.

The second case the government cites is *United States v. Robert Fairchild*, Crim. No. 21-551 (TFH) wherein Mr. Fairchild was facing the same guidelines as Mr. Presley and was sentenced to 6 months, a two month departure in light of is veteran status. While it is true that Mr. Fairchild was a veteran whose service was deemed grounds for a lower sentence, his facts were more egregious than Mr. Presley's. (See Exh. C, Fairchild Criminal Complaint and Exh. D, Fairchild Statement of Offense.) While Mr. Presley is not entitled to the same downward departure or variance, there is nothing about the difference in their conduct that would warrant a higher sentence within the guidelines.

Third, the government cites *United States v. Moises Romero*, Crim. No. 21-667 (TSC), wherein Mr. Moises received a sentence of 12 months and one day. The facts of Mr. Moises' case are more egregious in many ways than Mr. Presley's conduct- he entered the private office of Senator Merkely. (See Exh. E, Moises Criminal Complaint and Exh. F, Moises Statement of Offense). In any event, there are certainly not *less* egregious and do not support a higher sentence than Mr. Moises received.

And finally, the government compares Mr. Presley with Nolan Cook, who repeatedly and physically engaged with multiple officers. *United States v. Nolan Cooke, Crim. No.22-52 (RCL).* While Mr. Cooke did not enter the Capitol building, he did come into physical contact with multiple officers. (See Exh. G, Cooke Criminal Complaint and Exh. H. Cooke Statement of Offense.) Notably, Mr. Cooke brought firearms with him into the District of Columbia, although he left them in his vehicle.

Mr. Moises and Mr. Cooke will serve only 10 months given good time credit, while Mr. Presley served the equivalent of twice that time and in the far harsher pretrial confinement. Again, while it makes no practical difference for Mr. Presley given no one is suggesting any additional period of incarceration is necessary, a longer sentence could have other collateral consequences and would distort any later attempts to understand sentencing uniformity and disparity.

For all of the foregoing reasons, Mr. Presley respectfully requests that the Court sentence him to a period of 10 months with credit for time-served. In light of his compliance with pretrial release since his release in August and the fact that he overserved his sentence, the defense also respectfully requests that his term of supervised release be 12 months.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Michelle Peterson
Chief Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
Shelli_Peterson@fd.org